## BENEDICT v. WHARTENBY.

### September 9, 1837.

*Rule to show cause of action, and why defendant should not be discharged on common bail.*

An affidavit to hold to bail, which states that the defendant is indebted for goods sold and delivered merely, without averring "by the plaintiff to defendant," is defective, and the court will not hold defendant to bail.

THIS was a *capias ad respondendum*, to September term, 1837, 118. The plaintiff having been ruled to show his cause of action, produced an affidavit, which stated " that the said defendant was justly and truly indebted to the said plaintiff, for goods sold and delivered, in the sum of $———," without further averment.

*Perkins*, for the rule, said that the affidavit was defective, inasmuch as it did not state that the goods were sold and delivered *by the plaintiff to the defendant*, and referred to *Tidd's Forms of affidavits*, and *Nevins v. Merrie*, 2 *Whart.* 499.

*Badger*, contra.

Per Curiam.—Though all the formalities and averments of a declaration are not necessary in an affidavit to hold to bail; yet the latter must be sufficiently positive, and afford reasonable certainty, so as to prevent illusive statements, upon which the conclusion may be one way or the other, and yet the deponent not be liable for perjury. In this instance, the allegation that the goods were sold " by plaintiff to defendant," is material; because it is difficult to see how the defendant can be responsible to the plaintiff, for goods sold to the defendant, by any other person than the plaintiff, except by way of guarantee or assumption ; and if it were so, it should be stated.

Rule absolute.[a]

[a] *Vide* McCanles *v.* Frederickson; Kelly *v.* Kintzing; Young *v.* Corder; and Comly *v.* Goldsmith in this volume.